# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**MARK JEFFERY BARDWELL**                                           **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 5:18-CV-31-GNS**

**SHONEY'S RESTAURANT** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Jeffery Bardwell initiated this *pro se* employment discrimination action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed in part and allowed to proceed in part.

**I.**

Plaintiff filed a letter which the Court construed as a complaint for employment discrimination against Shoney's Restaurant (DN 1). At the Court's direction, Plaintiff filed an amended complaint on a Court-supplied employment discrimination form (DN 5). In his amended complaint, Plaintiff indicates that he is bringing suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2000e-17, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117. Plaintiff also names two additional Defendants in his amended complaint - Oscar Parker, whom Plaintiff identifies as the owner of Shoney's in Hopkinsville, Kentucky; and Tony Offett, whom Plaintiff identifies as the assistant manager of Shoney's in Hopkinsville, Kentucky. Plaintiff has filed a right-to-sue letter from the Equal Employment Opportunity Commission (DN 4). He seeks monetary damages in this action.

**II.**

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Upon review, the Court will allow Plaintiff's claims under the ADA and Title VII to proceed against Shoney's.

However, the Court will dismiss Plaintiff's claims against Defendants Parker and Offett because neither the ADA nor Title VII provides for individual liability. *Mayes v. City of Oak Park*, 285 F. App'x 261 (6th Cir. 2008); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997) (holding that an individual supervisor, who does not otherwise qualify as an "employer" under the statute, may not be personally liable under Title VII); *Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 798-800 (E.D. Mich. 2013) (collecting cases and holding that individuals cannot be held liable under Title VII based upon their alleged status as "owners"). Thus, Plaintiff's claims against Defendants Parker and Offett will be dismissed for failure to state claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Parker and Offett are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may granted.

The Clerk of Court is **DIRECTED to terminate** Defendants Parker and Offett as parties to this action.

The Court will enter a separate Order directing service on Shoney's.

Date:

cc: Plaintiff, *pro se*
 Defendants
4416.011